**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7392**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENNETH ROSHAUN REID,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Cameron McGowan Currie, Senior District Judge.  (0:04-cr-00353-CMC-1)

Submitted:  February 24, 2021                    Decided:  March 19, 2021

Before MOTZ, WYNN, and DIAZ, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Kenneth Roshaun Reid, Appellant Pro Se.  William Kenneth Witherspoon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Roshaun Reid has noted an appeal from the district court's September 1, 2020, order denying his motion for a sentence reduction under section 404(b) of the First Step Act of 2018 (FSA 2018), Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222, denying his motions under 18 U.S.C. § 3582(c)(1)(A) for compassionate release, and dismissing his motions challenging the validity of his federal convictions.

With respect to the district court's denial of Reid's motion for a sentence reduction under the FSA 2018 and the court's denial of Reid's motions for compassionate release, we have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. *United States v. Reid*, No. 0:04-cr-00353-CMC-1 (D.S.C. Sept. 1, 2020).

With respect to the district court's treatment of Reid's Fed. R. Civ. P. 60(b) motions challenging his convictions as unauthorized, successive 28 U.S.C. § 2255 motions and dismissal of those motions for lack of jurisdiction,[*] our review of the record confirms that the court properly treated these motions as successive § 2255 motions over which it lacked jurisdiction because Reid failed to obtain prefiling authorization from this court. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h); *McRae*, 793 F.3d at 397-400. Accordingly, we affirm this portion of the district court's order.

---

[*] A certificate of appealability is not required to appeal the district court's jurisdictional categorization of a Rule 60(b) motion as an unauthorized, successive § 2255 motion. *United States v. McRae*, 793 F.3d 392, 400 (4th Cir. 2015).

Consistent with our decision in *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003), we also construe Reid's notice of appeal and informal briefs as an application to file a second or successive § 2255 motion. Upon review, we conclude that Reid's claims do not meet the relevant standard. *See* 28 U.S.C. § 2255(h). We therefore deny authorization to file a successive § 2255 motion.

Finally, with respect to Reid's effort to appeal the portion of the district court's order treating the remainder of his motions challenging the validity of his convictions as 28 U.S.C. § 2255 motions and dismissing them as successive and unauthorized, this portion of the order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Reid has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal in part. We deny Reid's motions to appoint counsel, for dismissal of counts 1 and 4, for reduction of sentence to time served, for an evidentiary hearing, to reverse and remand, for dismissal of count 1 and immediate release, and to show cause.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*